[DO NOT PUBLISH]

CORRECTED ORDER

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-13439

_____

KAREN FINN,
JULLIAN FORD,
HYLAH DALY,
JENNE DULCIO,
GALEO LATINO COMMUNITY DEVELOPMENT
FUND, INC., et al.,

                                                 Plaintiffs-Appellees,

*versus*

COBB COUNTY BOARD OF ELECTIONS
AND REGISTRATION, et al.,

                                                   Defendants,

2               Order of the Court                23-13439

COBB COUNTY SCHOOL DISTRICT,

                              Defendant-Intervenor-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-02300-ELR

_____

_____

No. 23-13764

_____

KAREN FINN,
DR. JULLIAN FORD,
HYLAH DALY,
JENNE DULCIO,
GALEO LATINO COMMUNITY DEVELOPMENT
FUND, INC., et al.,

                              Plaintiffs-Appellees,

*versus*

23-13439               Order of the Court                    3

COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, et al.,

                                                    Defendants,

COBB COUNTY SCHOOL DISTRICT,

                                         Intervenor-Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-02300-ELR

_____

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

This case concerns the redistricting plan enacted in 2022 for the election of Cobb County's Board of Education (the "Board").

Plaintiff-Appellees, who are Cobb County voters and non-profit organizations, allege that this plan is an unlawful racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment. They have sued the Cobb County Board of Elections and Registration and its Director, in her official capacity,

(together, the "Election Defendants") under 42 U.S.C. § 1983 to obtain declaratory and injunctive relief.

Cobb County School District (the "School District") moved to intervene in the action. Because the original parties consented, the district court granted intervention.

The School District then moved for judgment on the pleadings. The district court granted the School District judgment on the pleadings and later confirmed the court's intention that this ended the School District's interest in this case.

Upon review of the record and the governing legal standards, we dismiss the School District's appeal for lack of jurisdiction.

## I. BACKGROUND

On March 2, 2022, Governor Brian Kemp signed into law House Bill 1028 ("H.B. 1028"), which redistricts the seven Board voting districts for the next decade. House Bill 1028 is the first redistricting plan enacted for the Board without federal oversight since *Shelby County v. Holder*, 570 U.S. 529 (2013).

### A. District Court Proceedings

Plaintiffs-Appellees Karen Finn, Dr. Jullian Ford, Hylah Daly, and Jenne Dulcio are registered Cobb County voters who identify as Black, African American, biracial, or Haitian American. Plaintiffs Galeo Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition for the People's Agenda, Inc., are

non-profit organizations that protect and promote the voting rights of marginalized communities. Together, on June 9, 2022, Plaintiffs-Appellees sued the Election Defendants under 42 U.S.C. § 1983, alleging that H.B. 1028 constitutes a racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment and seeking declaratory and injunctive relief.

Six months later, the School District moved to intervene in the litigation as a defendant. Plaintiffs-Appellees and the Election Defendants consented to the motion. "[U]pon consent of the parties and for good cause shown," the district court granted the School District's motion to intervene on January 30, 2023 (the "January 30 Order").

The School District filed an answer and actively participated in discovery. While discovery was underway, the School District filed a motion with the district court for judgment on the pleadings. The district court granted the School District its requested relief and entered judgment in its favor in an order it issued on July 18, 2023 (the "July 18 Order").

Still, though, the School District continued to participate in discovery and file motions with the district court. Because Plaintiffs-Appellees viewed this activity as having "ignored the Order" dismissing the School District from the case, they filed an emergency motion to enforce the July 18 Order.

On September 12, 2023, the district court held a teleconference to address the emergency motion and other pending matters

| 6 | Order of the Court | 23-13439 |

(the "September 12 Teleconference"). At the start of the teleconference, the district court recounted that, "as of July 18th, 2023, the School District was dismissed from the case and has not been a party defendant since that time."

Days later, the School District filed an emergency motion for reconsideration from the September 12 Teleconference, as well as a supplement and reply to that emergency motion. The district court denied as moot the School District's motions and directed the Clerk to enter judgment in favor of the School District, effective July 18, 2023, and to terminate the School District from the docket.

The School District filed two notices of appeal: one after the September 12 Teleconference and one after the November 2 Order.

In the meantime, the School District moved for leave to file an amicus brief in opposition to Plaintiffs-Appellees' motion for a preliminary injunction. Over opposition, the district court accepted the School District's proposed amicus brief. Five weeks later, and with recognition of the School District's amicus brief, the district court granted Plaintiffs-Appellees' motion for a preliminary injunction and directed the parties to proceed using the process outlined in their proposed stipulated settlement agreement.

### B. Appellate Proceedings

On November 3, 2023, the School District moved this Court for a stay of the district court's September 12 Teleconference and

23-13439               Order of the Court                    7

for an expedited appellate schedule. We denied the motion for a stay "with leave to refile should there be a change in its status as an amicus" and granted an expedited appeal.

Although no change occurred to its status as an amicus, the School District filed a renewed motion for a stay pending appeal of the district court's November 2 Order; for an order vacating all of the district court's orders since September 12, 2023; and for an order directing the district court to enter an amended scheduling order. Plaintiffs-Appellees opposed this motion. And we denied the renewed motion for a stay.

## II.    DISCUSSION

After careful review of the record, we dismiss this action. We lack jurisdiction because the district court never denied a motion by the School District to intervene, and the district court's treatment of the School District's intervention is the School District's sole jurisdictional basis for appeal.

Under the "anomalous rule," we have "provisional jurisdiction" to determine whether the district court properly denied a motion to intervene. *Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002) (quoting *F.T.C. v. Am. Legal Distribs., Inc.*, 890 F.2d 363, 364 (11th Cir. 1989)). If the district court properly denied the motion, then our jurisdiction "evaporates and we must dismiss the appeal for want of jurisdiction." *Id.* (internal quotation marks omitted) (quoting *Am. Legal Distribs.*, 890 at 864). On the other hand, if the district court erred, then "we retain jurisdiction and must reverse." *Id.*

| 8 | Order of the Court | 23-13439 |
|---|---|---|

(internal quotation marks omitted) (quoting *Am. Legal Distribs.*, 890 at 864).

The School District doesn't have an appealable order. To review, the district court granted the School District's only motion to intervene in its January 30 Order. It then granted the School District's motion for judgment on the pleadings, which naturally terminated the School District's status as a party in the case. And because the School District attempted to continue to litigate, anyway, the district court twice confirmed—in a teleconference and in a written order—that the School District's status as a party concluded on July 18, 2023. At no point did the district court deny a motion by the School District to intervene.

The School District therefore has no order denying a motion to intervene to appeal.

To be sure, in its reply brief in support of its emergency motion for reconsideration, the School District dropped a footnote stating, "To the extent the Court believes that a new motion for intervention is technically necessary, the School District respectfully requests that its Emergency Motion for Reconsideration . . . and this Reply Brief be treated as such." But we have long established that "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Benz*, 740 F.2d 903, 916 (11th Cir. 1984) (collecting cases); *cf. In re Pan Am. World Airways, Inc., Maternity Leave Pracs. & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal,

she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it.").

Of course, the district court could have chosen to treat the footnote in the reply brief like a motion to intervene, but nothing in the November 2 order indicates that it did that. And under the circumstances here, where the purported "new motion for intervention" is an afterthought that appears in passing in a footnote of a reply brief, we have not second-guessed a district court's failure to treat the purported motion as a motion. The November 2 order identifies three bases that it found the School District raised in seeking reconsideration. None of those bases reflects that the district court understood the School District to be filing a new motion to intervene through its motion for reconsideration. And even if the footnote in the reply were sufficient to convert a previously filed motion for reconsideration into a motion to intervene, the district court denied the emergency motion for reconsideration and never issued an order denying a motion to intervene. *Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002). As a result, the district court never denied a motion to intervene, so we cannot exercise provisional jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, we lack jurisdiction to entertain the School District's appeal. We therefore dismiss this appeal.

**DISMISSED.**